<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000291
19-MAY-2025
08:12 AM
Dkt. 56 SO**</span>

NOS. CAAP-22-0000444 and CAAP-22-0000291

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-22-0000444**
THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED
CERTIFICATES, SERIES 2007-11,
Plaintiff/Counterclaim Defendant-Appellant,
v.
MARY LEE COLTON, Defendant/Counterclaimant-Appellee,
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants,

and

**CAAP-22-0000291**
THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF CWABS INC., ASSET-BACKED
CERTIFICATES, SERIES 2007-11,
Plaintiff/Counterclaim Defendant-Appellee,
v.
MARY LEE COLTON, Defendant/Counterclaimant-Appellant,
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC13100082K)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiff/Counterclaim Defendant-Appellant-Appellee

The Bank of New York Mellon, as Trustee for the

Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2007-11 (**BONYM**) appeals, in case no. CAAP-22-0000444, from the Circuit Court of the Third Circuit's (**circuit court**)[1]: (1) "Order Granting Without Prejudice Defendant Mary Colton's Motion to Dismiss Complaint for Lack of Standing" (**Dismissal Order**), filed on March 17, 2022; (2) "Order Denying *[BONYM]'s Motion for Reconsideration of the [Dismissal Order], Filed on March 17, 2022, or in the Alternative, for Relief from Judgment* [Dkt.266], Filed March 28, 2022" (**Reconsideration Order**), filed on June 15, 2022; (3) Judgment filed on June 22, 2022; and (4) Notice of Entry of Judgment, filed on June 22, 2022.

Self-represented Defendant/Counterclaimant-Appellant-Appellee Mary Lee Colton (**Colton**) appears to appeal, in case no. CAAP-22-0000291,[2] from the circuit court's: (1) orders granting BONYM's four extensions of time to file a pretrial statement; (2) March 17, 2022 Dismissal Order, and June 15, 2022 "Order Clarifying [Dismissal Order], Filed March 17, 2022, and Denying as Moot *Under HRAP 10(f) Request for Entry of Findings of Fact and Conclusions of Law* [Dkt. 305], Filed April 22, 2022"; and (3) June 13, 2022 "Order Denying [Colton's] Objection to Order Granted on April 1, 2022 Dkt 281 and Demand Judge Wendy DeWeese

---

[1] The Honorable Wendy M. DeWeese presided.

[2] Case nos. CAAP-22-0000291 and CAAP-22-0000444 were consolidated under case no. CAAP-22-0000444, and the appellate briefs were filed according to the schedule in case no. CAAP-22-0000444.

Recusal in Want of Subject Matter Jurisdiction and 42 USC 1983 Civil Rights Violations Includes Due Process, Filed April 6, 2022."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and arguments advanced, we resolve this appeal as follows:

(1) We first address BONYM's contention that the circuit court erred in dismissing BONYM's complaint without prejudice for lack of standing.[3]

The record reflects that Colton filed "motions to dismiss," on January 11, 2022 and January 12, 2022.[4] The circuit court, in ruling on these motions to dismiss, considered matters outside of the pleadings. The Dismissal Order observed that BONYM's counsel "represented to the [circuit c]ourt on the record that [BONYM] was still in the process of obtaining a

---

[3]    We note that the circuit court erred in initially determining that standing is an issue of subject matter jurisdiction. "In Hawai'i state courts, standing is a prudential consideration regarding the proper – and properly limited – role of courts in a democratic society and is not an issue of subject matter jurisdiction, as it is in federal courts." Tax Found. of Haw. v. State, 144 Hawai'i 175, 188, 439 P.3d 127, 140 (2019) (quotation marks omitted). The circuit court later acknowledged and corrected its error in its Reconsideration Order.

[4]    Colton's motions to dismiss did not expressly state whether Colton was relying on Hawai'i Rules of Civil Procedure (**HRCP**) Rules 12(b)(1), 12(b)(6), 56, or some other procedural rule. In the January 11, 2022 motion, Colton stated "[i]f a complaint meets the requirements of HRCP Rule 8(a), dismissal pursuant to HRCP Rule 12(b)(6) is appropriate where the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim," indicating Colton was relying on HRCP Rule 12(b)(6), which involves dismissal based only on the pleadings. (Cleaned up.)

declaration regarding the location of the original note." The Dismissal Order also stated that the circuit court had considered BONYM's submission of a bailee letter and a copy of the original Note, along with late-filed errata consisting of the declaration of Jeane Hirao. Under HRCP Rule 12(b), when a court considers matters outside the pleadings in a motion brought under Rule 12(b)(6), "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Colton was therefore required to meet the burden of proof applying to a motion for summary judgment. See Andrade v. Cnty. of Hawai'i, 145 Hawai'i 265, 268-70, 451 P.3d 1, 4-6 (App. 2019).

The Note submitted by BONYM in opposition to Colton's motions to dismiss was indorsed in blank by Michele Sjolander on behalf of Countrywide Home Loans, Inc. To enforce a promissory note indorsed in blank, the foreclosing lender must prove standing by demonstrating it had possession of the note when filing the lawsuit. Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 368-69, 390 P.3d, 1248, 1255-56 (2017). "A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as '[s]tanding is concerned with whether the parties have the right to bring suit.'" Id. at 367, 390 P.3d at 1254 (citation omitted); see also U.S. Bank Trust, N.A. v. Verhagen, 149 Hawai'i 315, 327, 489 P.3d 419, 431 (2021).

To obtain summary judgment based on BONYM's alleged lack of standing, Colton needed to either: (1) present evidence negating BONYM's possession of the Note when initiating the suit; or (2) demonstrate that BONYM would be unable to prove such possession at trial. See Ralston v. Yim, 129 Hawaiʻi 46, 60, 292 P.3d 1276, 1290 (2013). In this case, Colton's motions did not present evidence negating BONYM's possession of the Note at the time BONYM filed the complaint.

Accordingly, Colton could only succeed under the second Ralston prong, by showing that at trial BONYM would be unable to prove it possessed the Note when it filed the complaint. See id. However, because the circuit court had not yet set a discovery deadline when it issued the March 17, 2022 Dismissal Order, Colton could not obtain summary judgment by merely pointing to BONYM's failure to present evidence of standing.

> [I]n general, a summary judgment movant cannot merely point to the non-moving party's lack of evidence to support its initial burden of production **if discovery has not concluded.** . . . "[M]erely asserting that the non-moving party has not come forward with evidence to support its claims is not enough."

Id. at 61, 292 P.3d at 1291 (emphasis added) (citation omitted). The circuit court therefore erred in dismissing BONYM's complaint "[b]ased on [BONYM's] failure to meet its burden" of proving standing. It was Colton who failed to meet her burden of proving that BONYM would be unable to establish standing at

trial. See Mobley v. Kimura, 146 Hawaiʻi 311, 326, 463 P.3d 968, 983 (2020) (holding that the defendant did not meet their burden of proving the plaintiff did not satisfy the tort threshold exception under Hawaiʻi's no-fault statute, where the defendant did not present evidence negating the exception, and discovery had not yet concluded).

For the above reasons, we conclude that the circuit court erred in dismissing BONYM's complaint for lack of standing. We therefore vacate the circuit court's Dismissal Order, and remand for further proceedings. In light of this determination, we decline to address BONYM's remaining points of error.

(2) We next turn to Colton's points of error on appeal, which we address in turn as follows[5]:

Colton's first point of error appears to allege the circuit court erred in granting BONYM four extensions of time to file its pretrial statement. BONYM's last three requests for an extension were based on its allegation that it was complying with the federal COVID-19 moratorium on foreclosure proceedings. The circuit court did not abuse its discretion in granting BONYM multiple extensions of time on the basis of that moratorium.

---

[5]     We address Colton's points of error to the extent they are discernible, and have numbered them for ease of reference.

Colton's second point of error appears to contend that the circuit court erred in granting dismissal of BONYM's complaint without prejudice, rather than with prejudice. Because we find the circuit court erred in dismissing BONYM's complaint, this argument necessarily fails.

Colton's third point of error alleges "Judge DeWeese did not follow the higher courts instructions on remand" and "directly defied two higher courts orders." Colton's contention lacks merit because the ICA's decisions in Bank of New York Mellon v. Colton, No. CAAP-14-0000984, 2017 WL 3587949 (Haw. App. Aug. 21, 2017) (SDO), and Bank of New York Mellon v. Colton (Colton II), 146 Hawai'i 577, 463 P.3d 1234 (App. 2020), did not set forth specific remand instructions.

Colton's fourth point of error appears to challenge the circuit court's June 13, 2022 order denying her motion to recuse Judge DeWeese. Colton contends that Judge DeWeese should have been recused because she erred in entertaining BONYM's motions and submissions after the March 17, 2022 Dismissal Order. The record reflects that, after March 17, 2022, the circuit court considered BONYM's motions and submissions relating to BONYM's motion for reconsideration of the Dismissal Order, and BONYM's responses to Colton's motions. Colton appears to claim without citing to any supporting legal

authority that, after dismissal, BONYM could not file a motion for reconsideration or challenge Colton's motions.

Colton's motion for recusal further argued that Judge DeWeese had "a financial interest in conflict with [Colton's] rights to justice and an unbiased tribunal," and submitted as an attachment the Employees' Retirement System of the State of Hawaii's (**ERS**) "Comprehensive Annual Financial Report for the Fiscal Year Ended June 30, 2019" that listed BONYM as a service provider to the ERS.

Hawaiʻi courts apply a two-part analysis in judicial disqualification or recusal cases. State v. Ross, 89 Hawaiʻi 371, 377, 974 P.2d 11, 17 (1998). First, the court must apply Hawaii Revised Statutes (**HRS**) § 601-7 (2016) to determine whether the alleged bias is covered by a statutory prohibition. Id. If the alleged bias falls outside of HRS § 601-7, the court may then determine, if appropriate, whether the circumstances "fairly give rise to an appearance of impropriety and . . . reasonably cast suspicion on [the judge's] impartiality." Id. (ellipsis and brackets in original) (citation omitted).

The applicability of the disqualification factors in HRS § 601-7(a)(1) (2016) to Judge DeWeese turns on whether she had "a more than *de minimus* pecuniary interest" in the case. (Emphasis added.) "The Hawaiʻi Revised Code of Judicial Conduct (HRCJC) . . . has defined '[d]e minimus' in the context of

interests pertaining to disqualification of a judge, [as meaning] an insignificant interest that could not raise a reasonable question regarding the judge's impartiality." <u>Title Guar. Escrow Servs. Inc. v. Wailea Resort Co.</u>, No. CAAP-12-0000711, 2016 WL 4555771, at *5 (Haw. App. Aug. 31, 2016) (mem. op.). Colton presented no evidence that BONYM's success in the foreclosure proceeding would have any impact on the ERS, or on Judge DeWeese's retirement benefits. Thus, the circuit court did not abuse its discretion in denying Colton's recusal motion.

Colton's fifth point of error contends the circuit court erred by failing to dismiss BONYM's complaint pursuant to HRS § 604-5(d) (2016). HRS § 604-5(d), which prohibits the <u>district courts</u> from hearing real actions, or actions involving title to real estate, does not apply to the circuit courts.

Colton's sixth point of error appears to be two-fold. First, Colton contends the circuit court erred in issuing orders and entertaining motions, after she filed her first notice of appeal on July 18, 2014, because the "July 18, 2014 [Notice of Appeal] filed by Colton removed the [circuit court's] jurisdiction." Second, Colton contends that the circuit court was "without jurisdiction from 2014 to 2022" based on the circuit court's finding that BONYM lacked standing.

We note first that the ICA's decision in <u>Colton II</u>, which vacated the circuit court's August 1, 2016 sanctions order

and the February 10, 2017 HRCP Rule 54(b) judgment, had already remedied the circuit court's erroneous rulings after her July 2014 appeal. Moreover, pursuant to section (1), supra, Colton's second contention lacks merit.

For the foregoing reasons, we vacate the circuit court's March 17, 2022 Dismissal Order, June 15, 2022 Reconsideration Order, and June 22, 2022 Judgment dismissing BONYM's complaint, and remand for further proceedings consistent with this summary disposition order. We affirm all other orders appealed from.

DATED: Honolulu, Hawai'i, May 19, 2025.

On the briefs:

David B. Rosen,
Christina C. MacLeod,
for Plaintiff/Counterclaim
Defendant-Appellant,
in No. CAAP-22-0000444 and
Plaintiff/Counterclaim
Defendant-Appellee,
in No. CAAP-22-0000291.

Mary Lee Colton,
Self-represented
Defendant/Counterclaimant-
Appellee in
No. CAAP-22-0000444 and
Defendant/Counterclaimant-
Appellant in
No. CAAP-22-0000291.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge